UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION ADONIS PERALTA, | No. 2:12-cv-2571 MCE CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARY S. SANDOR, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that a 2010 disciplinary conviction violated his due process rights.  (ECF No. 1.)  Before the court is respondent's March 29, 2013 motion to dismiss the petition on the grounds that it is untimely and contains claims not cognizable in federal habeas.  (ECF No. 14.)  Petitioner has filed an opposition to the motion (ECF No. 15), and respondent has filed a reply (ECF No. 16).   For the reasons set forth below, the court will recommend that respondent's motion be granted.

ANALYSIS

I. Facts

On May 8, 2010, following a disciplinary hearing at Mule Creek State Prison, petitioner was found guilty of possession of inmate-manufactured alcohol in violation of California Code of

/////

/////

1

Regulations tit. 15, § 3016(a).  (ECF No. 14, Ex. 1 at 26-27.[1])  Petitioner filed an administrative appeal of the conviction on due process grounds, Log No. MCSP-10-00804, which was denied at the third and final level of administrative review on November 18, 2010.  See Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7 (inmate administrative appeal process).  (ECF No. 14, Ex. 1 at 20-21.)

On May 7, 2011, petitioner filed a petition in the Amador County Superior Court challenging the disciplinary conviction.  (ECF No. 14, Ex. 1.)  The petition was denied June 15, 2011.  (Id., Ex. 2.)  Petitioner subsequently filed petitions in the state appellate court and California Supreme Court, the latter of which was denied on December 14, 2011.  (Id., Exs. 3-4.)

On October 15, 2012, petitioner filed the instant federal petition.  (ECF No. 1.)

II.  Statute of Limitations Under the AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Citations refer to page numbers assigned by the court's docketing system.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

III. Discussion

Where, as here, habeas petitioners challenge administrative decisions, AEDPA's one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1)(D). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012), citing Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003). As petitioner's third-level administrative appeal was denied on November 18, 2010, the limitations period began on November 19, 2010 and, absent statutory tolling, expired on November 19, 2011.

After the AEDPA clock began running on November 19, 2010, 169 days passed before petitioner filed a petition challenging the administrative decision in the Amador Superior Court. Title 28 U.S.C. §2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Respondent concedes that the limitations period was tolled during the pendency of petitioner's three state habeas petitions, specifically between May 7, 2011 and December 14, 2011.

In opposition to the motion, petitioner argues that the petition was timely because it was filed within one year of the California Supreme Court's denial of his petition on December 14, 2011. As this calculation does not account for the 169 days of the limitations period that ran before he filed his first state petition for post-conviction review, it is incorrect. Rather, petitioner had until June 28, 2012 to file a timely federal petition, but did not commence this action until October 15, 2012.

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Id. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). Petitioner asserts that he is entitled to equitable tolling, but fails to allege any facts suggesting that the high bar for equitable tolling of the AEDPA tolling was met here.

Thus the undersigned will recommend that the petition be dismissed for untimeliness and need not reach respondent's alternative argument that the petition fails to state a cognizable claim.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (ECF No. 14) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / pera2571.mtd